UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDISU BAHTA, ZERAI KEFLU, and ELIAS GODIFAY<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND PARKING, INC. a Washington corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>JURY DEMAND |

Plaintiffs Addisu Bahta, Zerai Keflu and Elias Godifay, by and through their undersigned counsel of record, as and for their claims against Defendant, alleges as follows:

### I.   THE PARTIES

1.1.   Plaintiffs Addisu Bahta, Zerai Keflu and Elias Godifay were employed by Diamond Parking, Inc. Plaintiffs live in King County, Washington and all facts giving rise to this lawsuit occurred in King County.

1.2.   Defendant Diamond Parking, Inc., is a Washington corporation with its principal place of business in King County, Washington.

COMPLAINT/JURY DEMAND - 1

Law Offices of Alex J. Higgins
999 Third Ave, Suite 3210
Seattle, WA 98104
(206) 340-4856

## II. JURISDICTION AND VENUE

2.1. Plaintiff alleges federal claims pursuant to Title VII of the 1964 Civil Rights Act and the Civil Rights Act of 1866 (42 U.S.C. § 1981).

2.2. Plaintiff also alleges state law claims pursuant to Washington's Law Against Discrimination, Ch. 49.60 RCW.

2.3. Plaintiff also alleges state claims pursuant to Washington's wage claim statute, Ch. 49.48 RCW.

2.4. This Court has jurisdiction pursuant to federal law over the federal claims herein, and has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

2.5. Venue is proper in the Western District of Washington at Seattle because the wrongful acts alleged herein occurred in this judicial district.

## III. STATEMENT OF FACTS

3.1 Plaintiff Addisu Bahta was hired by Defendant in June 1999. His employment was terminated as of November 30, 2008. Defendant provided him a letter dated December 4 stating that he was laid off "due to economic business needs."

3.2 Plaintiff Zerai Keflu was hired by Defendant in 1989. His employment was terminated as of December 5, 2008

3.3. Plaintiff Elias Godifay was hired by Defendant in 2002. His employment was terminated as of December 5, 2008

3.4. Plaintiffs are of Eritrean national origin. Their native language is Tigrinya.

3.5. Defendant laid off 6 individuals in the November-December 2008 time period. All 6 individuals selected for layoff are of Eritrean national origin and their native language is Tigrinya.

Law Offices of Alex J. Higgins
999 Third Ave, Suite 3210
Seattle, WA 98104
(206) 340-4856

3.6     Other, less-experienced or less-qualified persons have been promoted instead of Mr. Bahta.

3.7     Plaintiffs' race and national origin were a factor in Defendant's decision to select them for layoff.

3.8     Additionally, when promotion decisions were made, Defendant took race into account and discriminated against employees of African origin.

3.9     Each plaintiff filed a timely charge with the Equal Employment Opportunity Commission and received a Notice of Right to Sue from that agency.

## IV.     FIRST CAUSE OF ACTION:
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

4.1.    Plaintiffs reallege and incorporate herein the above allegations of paragraphs 1.1 through 3.8.

4.2.    Defendant's employment actions toward Plaintiffs, including but not limited to promotion and termination decisions, were motivated by Plaintiff's race and/or national origin.  Plaintiffs were discriminated against in the terms and conditions of employment because of their race and/or national origin in violation of 42 U.S.C. § 1981.

4.3.    As a result of Defendants' unlawful conduct, Plaintiffs have been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, and damages as a result of emotional distress, in an amount to be proved at trial.

4.4     Defendant's actions were intentional in nature or, at a minimum, in reckless disregard of Plaintiffs' rights and, therefore, punitive damages should be awarded pursuant to 42 U.S.C. § 1981.

## V.     SECOND CAUSE OF ACTION
### Violations of Washington Law Against Discrimination
### Race/National Origin Discrimination

COMPLAINT/JURY DEMAND - 3

5.1. Plaintiffs reallege and incorporate herein the above allegations of paragraphs 1.1 through 4.4.

5.2. Defendant's conduct, acts and omissions constitute race and/or national origin discrimination in violation of the Washington Law Against Discrimination, Chapter 49.60 R.C.W.

5.3. As a result of the conduct of the Defendants, Plaintiffs suffered injuries and damages, including past and future economic loss, pain and suffering, emotional distress, loss in quality of life, and other general compensatory damages in an amount to be proven at trial.

## VI.   THIRD CAUSE OF ACTION:
### Title VII Race/National Origin Discrimination

6.1. Plaintiff realleges and incorporates herein the above allegations of paragraphs 1.1 through 5.3.

6.2. Defendant's employment actions toward Plaintiffs amounted to discrimination in the terms and conditions of employment because of Plaintiff's race or national origin. This violates 42 U.S.C. § 2000, et. seq.

6.3. As a result and proximate cause of such conduct by the Defendants, Plaintiff has suffered injuries and damages including past and future economic loss, pain and suffering, emotional distress, loss in quality of life, and other general compensatory damages in an amount to be proven at trial.

## VII.   JURY DEMAND

7.1. Plaintiffs hereby request and demand a trial by jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.	Award and entry of judgment in favor of Plaintiff against Defendants, for actual damages, including past and future compensatory, economic and non-economic damages, general and emotional distress damages proximately caused by the wrongful conduct in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000, and R.C.W. 49.60.180, plus enhanced damages to offset taxation to make Plaintiff whole, plus pre-judgment interest on liquidated amounts, and costs, litigation expenses and reasonable attorneys' fees as allowed by law, including but not limited to 42 U.S.C. § 1988 and RCW 49.60.030(2).

B.	Award and entry of injunctive relief prohibiting Defendant from engaging in discriminatory practices and requiring Defendant to undertake training and other efforts to eradicate discrimination in its workforce.

C.	For such other and further relief as the Court deems just and equitable.

Dated this 24th day of September, 2009.

Alex J. Higgins
State Bar Number 20868
Law Offices of Alex J. Higgins
999 Third Ave, Suite 3210
Seattle, WA  98104
Telephone:  (206) 340-4856
Fax:  (206) 624-8560
E-mail: alexjhiggins@gmail.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Alex J. Higgins, hereby certify under penalty of perjury under the laws of the State of Washington that on September __, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.  I further certify that, if applicable, I have served any attorneys of record who are non-CM/ECF participant via facsimile.

DATED this 24th day of September, 2009 at Seattle, Washington.

*/s/ Alex J. Higgins*

LAW OFFICES OF ALEX J. HIGGINS
999 Third Avenue  Suite 3210
Seattle, WA  98104
Telephone:  (206) 340-4856
Fax:  (206) 624-8560
E-mail: alexjhiggins@gmail.com

COMPLAINT/JURY DEMAND - 6